**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| BETTY KAPITAN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CAUSE NO. 2:12-CV-321 |
| ) | |
| DT CHICAGOLAND EXPRESS ) | |
| INC., d/b/a CXI ) | |
| TRUCKING, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on the "Motion to Reconsider for Good Cause April 9, 2013 Order Dismissing Robert Norris," filed by Plaintiffs, Betty and Mark Kapitan, on June 7, 2013 (DE #31). For the reasons set forth below, the motion is **DENIED**.

BACKGROUND

This case was removed to this Court on August 9, 2012. (DE #2.) On October 1, 2012, Plaintiffs filed an amended complaint adding Robert Norris as a defendant. On February 14, 2013, the Clerk issued a notice indicating that service of process had not been accomplished as to Defendant, Robert Norris. (DE #14.) The Clerk warned Plaintiffs that a failure to have process issued and service made within 120 days from the filing of the complaint shall be sufficient to warrant dismissal of the action, without

prejudice, for failure to complete process pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. The Clerk warned Plaintiffs that the time limitation for service of process had elapsed, and if no action was taken by March 1, 2013, the matter would be brought to the attention of this Court. No action was taken, and service of process still had not been made as to Defendant, Robert Norris. Consequently, on April 9, 2013, approximately 190 days after the filing of the amended complaint adding Norris, the Court dismissed Defendant, Robert Norris, from the case without prejudice. (DE #17.) The instant motion to reconsider was filed a lengthy 59 days after the dismissal.

Plaintiffs now ask for reconsideration of that order. In support, they set forth that the mother and father of Plaintiff's counsel, Jeffrey Sturm, passed away in February and April of 2012. (DE #31, p. 2.) Plaintiffs tried various avenues to determine Norris' address (including eventually hiring a private investigation firm), and to serve him, but to no avail. *Id.* In March 2013, attorney Sturm's grandmother passed away. (*Id.*, p. 3.) Finally, Plaintiffs made service to Norris via the Indiana Secretary of State on May 17, 2013, although this did not constitute proper service of process since Norris had already been dismissed from this case on April 9, 2013.

DISCUSSION

Rule 4(m) generally requires a plaintiff to serve process within 120 days, but a plaintiff may move for additional time to serve the defendant. If the plaintiff shows good cause for his failure to accomplish service within the designated period of time, then the district court must grant an extension. *United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006). In this case, Plaintiffs never requested an extension of time to serve process, thus, the "good cause" standard is not applicable.

When a plaintiff fails to serve process within the period of time prescribed by the federal rules (as in this case), Rule 4(m) requires the district court to dismiss the complaint without prejudice. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court . . . *must* dismiss the action without prejudice . . . .") (Emphasis added).

Because this motion for reconsideration was filed more than 28 days after entry of the dismissal order, it must satisfy the requirements of Rule 60(b). *See* Rule 59(e) ("[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Relief under Rule 60(b)(1) is available where the movant establishes "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). It has long been established that "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Harold Washington Party v. Cook County, Illinois Democratic Party*, 984 F.2d 875, 879

3

(7th Cir. 1993) (quotation omitted). Relief under Rule 60(b) from a dismissal for lack of prosecution is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Dickerson v. Board of Educ.*, 32 F.3d 1113, 1116 (7th Cir. 1994).

The Seventh Circuit has held that counsel's negligence, whether gross or otherwise, is never a good ground for Rule 60(b) relief. *See United States v. 7108 West Grand Avenue*, 15 F.3d 632, 634-35 (7th Cir. 1994). Additionally, the Seventh Circuit has upheld a district court's finding that personal problems, including a family member's illness, does not demonstrate extraordinary circumstances to vacate a dismissal. *Dickerson,* 32 F.3d at 1118.

While this Court certainly sympathizes with counsel Jeffrey Sturm's personal losses, as in *Dickerson*, there is nothing in this record to show that counsel himself was incapacitated during this lengthy time. Certainly Sturm could have requested an extension of time in which to serve Norris. Additionally, on February 14, 2013, the Clerk warned counsel that the time within which to serve Norris had elapsed, and granted him until March 1, 2013, warning him if no action was taken by then, the matter would be brought to this Court's attention. Counsel did not respond to the warning, thus he repeatedly failed to comply with the rules and the Court's warnings. He even waited 59 days after the Court's dismissal to file this motion for reconsideration. The Court also notes that

4

according to the docket sheet, there are two attorneys of record for Plaintiffs in this case - Jeffrey Sturm and George Patrick. While Mr. Sturm was undoubtedly suffering personal issues during this time, Plaintiffs do not reference Mr. Patrick or give any reasons whatsoever why he could not have effected service of process, or at the very least, moved for an extension of time or responded to the Clerk's warning about the eminent dismissal. Finally, Plaintiffs have not pointed to anything in the record to show that Norris was intentionally trying to evade service, nor have they indicated any other circumstances that could make this judgment unjust. In sum, Plaintiffs have not demonstrated exceptional circumstances that warrant the extraordinary remedy of reversing this Court's order.

CONCLUSION

For the reasons set forth above, the "Motion to Reconsider for Good Cause April 9, 2013 Order Dismissing Robert Norris," filed by Plaintiffs, Betty and Mark Kapitan, on June 7, 2013 (DE #31), is **DENIED**.

**DATED: July 10, 2013**        /s/ RUDY LOZANO, Judge
                                **United States District Court**