```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF INDIANA
                     HAMMOND DIVISION

BETTY KAPITAN, et al.,        )
                              )
Plaintiffs,                   )
                              )
vs.                           )    CAUSE NO. 2:12-CV-321
                              )
DT CHICAGOLAND EXPRESS        )
INC., d/b/a CXI               )
TRUCKING, et al.,             )
                              )
Defendants.                   )
```

## OPINION AND ORDER

This matter is before the Court on the Motion for Summary Judgment, filed by Defendant, D.T. Chicagoland Express d/b/a CXI Trucking (hereinafter "CXI Trucking"), on April 26, 2013 (DE #20). For the reasons set forth below, the motion is **GRANTED**. The Clerk is **ORDERED** to **DISMISS** the case **WITH PREJUDICE** and to **CLOSE** this case.

BACKGROUND

Undisputed Factual Background

On September 2, 2010, Plaintiff, Betty Kapitan, was working at Brady's This Is It Store when a delivery truck from Defendant, CXI Trucking, arrived at the back of the store to make a delivery. The driver of the truck, Robert Norris, began unloading pallets full of

shipment onto a lift at the back of the truck.  Plaintiffs allege the pallets were improperly stacked on the automated lift so that, while the driver operated it, a pallet fell off the lift.  At the time, unbeknownst to the driver, Plaintiff, Betty Kapitan, was walking behind the truck.  The pallet fell off the lift and as a result, Plaintiff sustained injuries that are the basis for this action.

Procedural Background

This case was removed from state court to this Court on August 9, 2012.  (DE #2.)  On October 1, 2012, Plaintiffs filed an amended complaint adding Robert Norris as a defendant (DE #9).  On February 14, 2013, the Clerk issued a notice indicating that service of process had not been accomplished as to Norris.  (DE #14.)  The Clerk warned Plaintiffs that a failure to have process issued and service made within 120 days from the filing of the complaint would be sufficient to warrant dismissal of the action, without prejudice, for failure to complete process pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  *Id.*  Plaintiffs failed to take action by the March 1, 2013, deadline set by the Clerk.  *Id.*  Consequently, Defendant, Robert Norris, was dismissed from the case without prejudice on April 9, 2013; approximately 190 days after filing the amended complaint. (DE #17.)

On June 10, 2013, Plaintiffs filed a Motion for

Reconsideration pursuant to Federal Rules of Civil Procedure 4(m), asking this Court to reconsider its order dismissing Robert Norris for failure to complete service of process.  (DE #31.)  The Court denied the Motion to Reconsider on July 10, 2013.  (DE #34.)

Defendant filed the instant Motion for Summary Judgment on all claims of the complaint on April 26, 2013.   (DE #20.) Defendant argues that the Court should grant its motion for summary judgment because the employee responsible for the injuries, Norris, has been dismissed as a defendant and therefore, under the doctrine of respondeat superior, a claim cannot be maintained against the employer if the employee cannot be held individually liable. Furthermore, Defendant believes that the second claim for negligent hiring and training is redundant and duplicative under Indiana law and therefore, Defendant cannot be held liable.

DISCUSSION

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper only if it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  In other words, the record must reveal that no reasonable jury could find for the nonmovant. *Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 335 (7th

Cir. 1991); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  In deciding a motion for summary judgment, a court must view all facts in the light most favorable to the nonmovant. *Anderson*, 477 U.S. at 255; *NUCOR Corp. v. Aceros Y Maquilas de Occidente*, 28 F.3d 572, 583 (7th Cir. 1994).

The burden is upon the movant to identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," if any, that the movant believes "demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323.  Once the movant has met this burden, the nonmovant must support its assertion that a fact is genuinely disputed by citing to particular parts of materials in the record.  Fed. R. Civ. P. 56(c); *Becker v. Tenenbaum-Hill Assoc., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989). "Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that *might affect* the outcome of the suit under governing law will properly preclude the entry of summary judgment." *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988) (emphasis in original) (citing *Anderson*, 477 U.S. at 248).

"A party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a *genuine* issue of

material fact which requires trial." *Beard v. Whitley Country REMC*, 840 F.2d 405, 410 (7th Cir. 1988) (emphasis in original); *see also Hickey v. A.E. Staley Mfg.,* 955 F.2d 1385, 1391 (7th Cir. 1993). Therefore, if a party fails to establish the existence of an essential element on which the party bears the burden of proof at trial, summary judgment will be appropriate. In this situation, there can be "'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

### Respondeat superior

The doctrine of respondeat superior imposes liability "on an employer for the wrongful acts of his employee which are committed within the scope of employment." *Stropes v. Heritage House Children's Ctr. of Shelbyville, Inc.,* 547 N.E.2d 244, 247 (Ind. 1989). The test is whether the employee's actions "were, at least for a time, authorized by his employer." *Id.* at 250 (quoting *Gomez v. Adams*, 462 N.E.2d 212, 223 (Ind. Ct. App. 1984)). If there is a sufficient association between the authorized and unauthorized acts, then the unauthorized acts can be considered within the scope of employment. *Id.* at 249-50.

However, where the employee cannot be held liable individually, an action only based upon respondeat superior is not

maintainable against the employer. *See Riffle v. Knecht Excavating, Inc.*, 647 N.E.2d 334, 337 (Ind. Ct. App. 1995) (finding because employee could not be held liable, "no action based solely on respondeat superior is maintainable against his employer"); *see also Sharp v. Bailey,* 521 N.E.2d 368, 371 (Ind. Ct. App. 1988)(superseded on other grounds) ("Our decisions make clear that where the employee cannot be held liable no action based solely on respondeat superior is maintainable against his employer."); *Roberts v. Chaney,* 465 N.E.2d 1154, 1160 (Ind. Ct. App. 1984) *(overruled on other grounds).* In this case, CXI Trucking argues that Plaintiffs cannot succeed on a claim of respondeat superior because the employee responsible for the injuries, Norris, was dismissed as a defendant from this case.

It is true that Norris was dismissed from this action – Plaintiffs failed to properly serve process on Robert Norris within the time frame required by the statute of limitations. Robert Norris was dismissed from the case without prejudice on April 9, 2013; approximately 190 days after filing the amended complaint. (DE #17.) On June 10, 2013, Plaintiffs filed a Motion for Reconsideration under Federal Rules of Civil Procedure 4(m), asking the Court to find good cause to extend the time for serving Norris. This Court issued an order denying the motion, finding because Plaintiffs never requested an extension of time to serve process, the "good cause" standard was inapplicable, and counsel's family

6

problems did not demonstrate extraordinary circumstances to get relief under Rule 60(b) from dismissal for lack of prosecution. (DE #34.)  Therefore, Robert Norris is no longer a named defendant in this case, and he cannot be held individually liable for the injuries that resulted to Plaintiffs.  Indiana law is clear in this regard: when an employee cannot be held liable under the doctrine of respondeat superior, a claim cannot be maintained against the employer. *See, e.g., Riffle,* 647 N.E.2d at 337; *Sharp,* 521 N.E.2d at 371; *Roberts,* 465 N.E.2d at 1160.

Plaintiffs cite to two medical malpractice cases for the proposition that "employers can be held vicariously liable even though the statute of limitations barred suit against the employee." (DE #26, pp. 4-6; *Helms v. Rudicel*, 986 N.E.2d 302 (Ind. Ct. App. 2013); *Columbus Reg'l Hosp. v. Amburgey*, 976 N.E.2d 709 (Ind. Ct. App. 2012).)  As conceded by Plaintiffs, in both *Helms* and *Amburgey*, the issue was whether a medical institution was liable for its doctors' malpractice claims.  (DE #26, p. 5.)  In *Amburgey*, the court noted that "some of our sister states have concluded that the running of a statute of limitations with respect to a physician does not preclude a complaint against a hospital on a theory of vicarious liability and apparent authority." *Amburgey*, 976 N.E.2d at 716 (citations omitted). Yet the medical malpractice context has been treated differently, and the Indiana Court of Appeals has "acknowledge[d] the decisions cited by [defendant] that

hold, in other contexts, that a principal cannot be vicariously liable if an action could not be maintained against the tortfeasor agent." *Helms*, 986 N.E.2d at 313.  Here, CXI Trucking cites two main cases holding that because the employee could not be held liable, no action based upon respondeat superior is maintainable against the employer.  *See Riffle*, 647 N.E.2d at 337-38; *Cole v. Shults-Lewis Child and Family Servs., Inc.*, 677 N.E.2d 1069, 1073 n. 4 (Ind. Ct. App. 1997) (vacated in part) (noting "an employer cannot be held liable under respondeat superior unless the claim can be maintained against the employee.").  Both *Riffle* and *Cole* are personal injury negligent actions, like this one, thus they are controlling.

Plaintiffs try to distinguish *Riffle* and *Cole*, arguing that here, it has not been determined that a claim cannot be maintained against Norris - rather the Court simply dismissed him without prejudice due to a failure to timely serve.  As Defendant points out, though, in addition to being dismissed for not being timely served, the statute of limitations has run with regard to Norris.  Under Indiana law, the applicable statute of limitations expired on September 2, 2012, because the accident occurred on September 2, 2010.  "An action for injury to person or character . . . must be commenced within two (2) years after the cause of action accrues." (Ind. Code 34-11-2-4.)  This case is analogous to *Cole*, where the court concluded that a negligence action could not be maintained

8

against the employee because the statute of limitations had expired; therefore, the plaintiff also could not pursue an action against the employer for respondeat superior. *Cole*, 677 N.E.2d at 1073-74.

In sum, CXI Trucking cannot be held liable for the acts of Robert Norris because Plaintiffs do not have a claim against Norris. Therefore, Defendant's motion for summary judgment for negligence based upon the doctrine of respondeat superior is **GRANTED**.

Negligent Hiring and Training

Alternatively, Plaintiffs argue that even if they cannot maintain an action for negligence against CXI Trucking, they still have a claim for negligent hiring. Indiana does recognize a cause of action against an employer based on negligent hiring and training of an employee. *Tindall v. Enderle,* 320 N.E.2d 764, 767 (Ind. Ct. App. 1974). Employer liability under negligent hiring and training is a separate and distinct cause of action from respondeat superior, and it "accrues when an employee steps beyond the recognized scope of employment to commit a tortious injury upon a third party." *Clark v. Aris, Inc.,* 890 N.E.2d 760, 765 (Ind. Ct. App. 2008)(internal quotation marks omitted)(quoting *Tindall,* 320 N.E.2d at 767-68).

9

Although it is an alternate theory of liability, a negligent hiring and training claim has "no value where an employer has stipulated that his employee was within the scope of his employment." *Tindall,* 320 N.E.2d at 768; *see also Lange v. B.P. Motor. Exp., Inc.*, 257 F. Supp. 319, 324 (N.D. Ind. 1966) (finding claim of negligent hiring and training "wholly unnecessary to plaintiffs' right to recover" where plaintiff also alleged respondeat superior claim); *Davis v. Macey*, 901 F. Supp. 2d 1107, 1111-12 (N.D. Ind. 2012). This is because an employer "is already responsible for the actions of its employees that were committed within the scope of their employment" under the doctrine of respondeat superior. *Board of Sch. Comm'rs v. Pettigrew*, 851 N.E.2d 326, 332 (Ind. Ct. App. 2006); *Konkle v. Henson,* 672 N.E.2d 450, 456 (Ind. Ct. App. 1996). As the Court explained in *Tindall*:

> Proof of negligence by the employee on the particular occasion at issue is a common element to the theories of respondeat superior and negligent hiring. Under the theory of respondeat superior, however, when the employer has stipulated that the employee was acting within the scope of his employment in committing the act, upon proof of negligence and damages, plaintiff has successfully carried his burden of proof against the negligent employee's employer. Proof of the additional elements of negligent hiring under such circumstances is not relevant to the issues in dispute, is wasteful of the court's time and may be unnecessarily confusing to a jury. The sole possible advantage to the pursuit of a negligent hiring theory in cases such as that before us would be the potential assessment of punitive damages.

*Tindall*, 320 N.E.2d at 768.  Here, the Plaintiffs have not alleged any intentional tort or requested punitive damages, two circumstances that the court in *Simmons* acknowledged as justifying an exception to the *Lange-Tindall* rule.  *Simmons, Inc. v. Pinkerton's, Inc.*, 762 F.2d 591, 602 (7th Cir. 1985); *see also Davis*, 901 F. Supp. 2d at 1112.

And yet, because the respondeat superior count has been dismissed by this Court, the negligent hiring and retention claim is arguably no longer unnecessary or duplicative (it is Plaintiffs' only remaining theory of liability).  Therefore, this Court will continue the analysis as to whether summary judgment is warranted on this claim.

First, the "tort of negligent hiring and supervision is inapplicable when an employee is acting within the scope of employment." *Cottle v. Falcon Holdings Mgmt., LLC*, No. 2:11-CV-95-PRC, 2012 WL 4361552, at *21 (N.D. Ind. Sept. 24, 2012) (citing to the Restatement (Second of Torts § 317, cmt. A (1965)).  Plaintiffs argue there is a dispute whether Norris was acting within the scope of his employment - they contend although CXI Trucking admits it employed Norris, CXI Trucking contradicts that admission when it denies responsibility for the injuries under the doctrine of respondeat superior, and omits from its answer the phrase "scope of

employment." (DE #26, p. 8.)[1] However, in its Answers to the Amended Complaint, Defendant admits that CXI Trucking employed Norris at the time of the injury, and that Norris was operating the truck "involved in the incident." (DE #11, ¶¶ 3.) Moreover, Plaintiffs' allegations all concern events which appear to be during work hours and within the scope of Norris' employment. All of these facts indicate that Norris was acting within the scope of his employment with CXI Trucking. CXI Trucking has effectively admitted that it was acting through its agent and employee Norris, during the delivery. Even assuming, *arguendo*, that there was a material dispute as to whether CXI Trucking has stipulated that Norris was acting within the scope of his employment (and this Court believes there is not), as discussed below, summary judgment would still be proper.

"In certain circumstances . . . it may be appropriate to consider evidence of negligent hiring even though the employer has admitted that the employee was acting within the scope of employment." *Davis*, 901 F.Supp.2d at 1111. Indiana law recognizes a cause of action against an employer for negligent hiring and retention of an employee. *Cottle,* 2012 WL 4361552, at *21 (citing *Levinson v. Citizens Nat'l Bank of Evansville*, 644 N.E.2d 1264,

---

[1] The full answer is: "Defendant admits that the driver was its employee but denies the remaining allegations in paragraph 16 [that under the doctrine of respondeat superior CXI Trucking is responsible for the driver's actions] as they contain impermissible unsupported conclusions of law." ( DE #11, ¶ 16.)

1269 (Ind. Ct. App. 1994)). For those claims, "a plaintiff must demonstrate that the employer knew the offending employee had a 'habit of misconduct' at the time of the hiring or retention." *Id.* Thus, Plaintiffs must prove that, "after [Norris] was hired, Defendants knew, should have known, or had reason to know of the individual's habit of misconduct and retained the individual as an employee." *Id.* at *22.

Here, there is nothing in the complaint, and nothing in the record, alleging any facts whatsoever that Norris had any habits of misconduct. Indeed, Plaintiffs concede that "[t]he record contains no evidence as to whether Norris had habits of misconduct and whether CXI Trucking knew or should have known of Norris's habits of misconduct." (DE #26, p. 9.) Plaintiffs are mistaken that this creates a genuine dispute of material fact. At this stage of the proceedings, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," and must "come forward with specific facts showing that there is a *genuine issue for trial.*" *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)(quotation omitted)(emphasis in original); *Cottle*, 2012 WL 4361552, at *22 (granting summary judgment on claim of negligent hiring and retention where plaintiff failed to raise a genuine issue of material fact). The Court finds that Plaintiffs have not raised a genuine issue of material fact as to the claim of negligent hiring and retention.

Accordingly, Defendant's motion for summary judgment as to the claim for negligent hiring and training is **GRANTED**.

CONCLUSION

For the aforementioned reasons, Defendant's motion for summary judgment (DE #20) is **GRANTED**.  The Clerk is **ORDERED** to **DISMISS** the case **WITH PREJUDICE** and to **CLOSE** this case.


**DATED: October 15, 2013**            /s/RUDY LOZANO, Judge
                                       **United States District Court**